

| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** |

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5411 | **DATE** | 12/10/02 |
| **CASE TITLE** | \multicolumn{3}{l|}{Buchmeier v. Village of Richton Park} |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment (Doc. #28)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the attached reasons, Defendant's motion (Doc. #28) for Summary Judgment is GRANTED, and the cause is dismissed with prejudice. All other pending motions are moot.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 13 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 39 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 DEC 12 PM 6:05 Date/time received in Central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**DEC 1 3 2002**

PENNY BUCHMEIER )
)
  Plaintiff, )
) No. 00 C 5411
  v. )
) Judge William J. Hibbler
VILLAGE OF RICHTON PARK, )
)
  Defendant. )

MEMORANDUM OPINION AND ORDER

I. INTRODUCTION

Penny Buchmeier sued her former employer, the Village of Richton Park (the Village), alleging that it had discriminated against her because of her disability, 42 U.S.C. § 12101-17. The Village moves for summary judgment in its favor, arguing that Buchmeier has failed to establish that she is a member of a protected class or that she was meeting her employer's legitimate expectations. The Village argues instead that she was legitimately terminated under its progressive discipline policy. For the reasons stated herein, the Defendant's motion for summary judgment is GRANTED.

II. BACKGROUND

Penny Buchmeier began her employment with the Village of Richton Park in May 1991 as a telecommunicator for the Police Department. At all times relevant in this case, Nancy Matthey was Buchmeier's immediate supervisor and

1

39

James Van Schepen was the Village's Chief of Police. As a telecommunicator, Buchmeier's job responsibilities included taking incoming calls over the police radio from both officers and from the general public and then dispatching the information to officers in the field to respond as appropriate.

Buchmeier received favorable performance evaluations until the year that she was fired. Matthey testified in her deposition that Buchmeier's performance from 1991-1997 was good. Further, in her written evaluation for the 1998 calendar year, Matthey assigned Buchmeier an overall performance rating of "more than satisfactory," the second highest rating on a five-point scale. Despite the favorable overall evaluation, Matthey noted some areas that she believed Buchmeier could improve upon. In the section of the evaluation covering "Job Skills and Knowledge," Matthey commented that Buchmeier needed to develop her ability to relay "pertinent information . . . to officers responding to calls," and that "there have been a few occurrences [where] she has failed to respond to officers calling on the radio."

The Village submitted written reprimands documenting Matthey's comments concerning Buchmeier's failure to respond to incoming calls. The Village utilizes a progressive discipline policy when an employee's performance is not satisfactory. When faced with an unsatisfactory performance, the Village, pursuant to the policy, imposes progressively severe discipline, beginning with oral reprimands and escalating to suspensions and termination. Further, an employee who has

committed an act that is cause for disciplinary action receives notice of the Village's concern through a written Disciplinary Action Report Summary (DARS) and has the opportunity to file a grievance challenging the Police Chief's decision on any disciplinary action. Under this progressive discipline policy, Buchmeier received a written reprimand on November 13, 1998 and another on November 17, 1998, both of which related to her failure to respond promptly or adequately to incoming calls.[1] According to the November 13 reprimand, Buchmeier failed to respond to an officer's call on band one of the police radio until another officer reported on band three that she had a call on another band. According to the November 17 reprimand, Buchmeier took a call from a member of the public reporting that a woman outside her apartment was yelling that a man had just attacked her with a gun. Buchmeier relayed the complaint to another telecommunicator, but failed to inform her about the fact that the alleged suspect had a gun. Buchmeier alleges that she filed a written grievance challenging the November 13 reprimand, but submitted no evidence supporting this allegation. Buchmeier discussed the November 17 incident with Police Chief Van Schepen, but did not file a written grievance.

The following year, Buchmeier's problems in relaying calls in a timely and accurate manner persisted. On July 14, 1999, Buchmeier received a one-day

---

[1] Buchmeier also received a written reprimand on October 14, 1998, for failure to follow the proper chain of command. This reprimand was later reduced to an oral reprimand by Police Chief Van Schepen.

3

suspension under the Village's progressive discipline policy because after she had failed to respond in a timely manner to an officer's call on the dispatch radio on June 22. Despite the fact that the Village's personnel policy requires that grievances be filed within three days of a disciplinary action, Buchmeier waited until July 19, 1999 to submit a four-page written grievance to Chief Van Schepen. Because the grievance was not filed within the three-day time limit, the Village did not consider it. Four months later on October 19, Matthey recommended that Buchmeier receive a two day suspension, again because she failed to respond to an officer's call over the dispatch radio multiple times on October 12, 1999. In the alternative, she recommended that Buchmeier undergo a hearing examination.

Before Police Chief Van Schepen reviewed Matthey's October 19 recommendation, Matthey wrote another disciplinary report charging Buchmeier with neglect of duty. In that report, Matthey recommended that Buchmeier be terminated because she dispatched a call for an ambulance as one for a domestic disturbance with a gun. In light of the six disciplinary reports over the previous thirteen months,[2] Chief Van Schepen decided to terminate Buchmeier on November 2, 1999.

Buchmeier filed a written grievance with regard to the termination and the

---

[2] The Village's termination letter suggests that Buchmeier received seven disciplinary reports, rather than six. The Village, however, has submitted evidence of only six disciplinary reports (October 14, 1998; November 13, 1998; November 17, 1998; July 9, 1999; October 19, 1999; & October 28, 1999).

4

Village Manager upheld the decision to terminate her employment with the Village. Buchmeier then filed this suit, alleging both that the Village failed to accommodate a disability recognized under the ADA and that it discriminated against her on the basis of its perception that she had a disability. The Court earlier dismissed Buchmeier's failure to accommodate claim because she failed to include it in her EEOC complaint (See Memorandum Opinion and Order, Oct. 24, 2001, Doc. # 15).

## III. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Bragg v. Navistar Int'l Transp. Corp.*, 164 F.3d 373, 376 (7th Cir. 1998). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact such that judgment as a matter of law should be granted in the movant's favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998). Once the moving party has met the initial burden, the opposing party must "set forth specific facts showing that there is a genuine [material] issue for trial." *Id.* In so doing, the nonmoving party not rest on its pleadings, *Weicherding*

*v. Riegel*, 160 F.3d 1139, 1142 (7th Cir. 1998), and must proffer more than bare, conclusory allegations in its affidavits, *DeLoach v. Infinity Broad.*, 164 F.3d 398, 402 (7th Cir. 1999); *Drake v. Minn. Min. & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998). When deciding a motion for summary judgment, the Court considers the evidence in the light most favorable to the nonmoving party and resolves all inferences in the nonmoving party's favor. *Vitug v. Multistate Tax Comm'n*, 88 F.3d 506, 511 (7th Cir. 1996).

## IV. ANALYSIS

The ADA states that "[no] covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to...discharge of employees..." 42 U.S.C. § 12112(a); *Amadio v. Ford Motor Co.*, 238 F.3d 919, 924 (7th Cir. 2001). Because Buchmeier has presented no direct evidence of discrimination, she must proceed under the familiar burden-shifting test set forth initially in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Under this test, a plaintiff must first submit evidence demonstrating a prima facie case of discrimination. *Id.* A prima facie case under the ADA is established when a plaintiff proves that: "(1) he belongs to the protected group; (2) he performed his job satisfactorily; (3) he was subjected to an adverse employment action; and (4) similarly situated employees received more favorable treatment." *Amadio*, 238 F.3d at 924; *DeLuca v. Winer Indus.*, 53 F.3d 793, 797 (7th Cir.

1995). If a plaintiff fails to prove any of these elements her claim fails. *Amadio,* 238 F.3d at 924. If the plaintiff establishes a prima facie case, however, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the defendant's employment action. *Id.* If the defendant clears this hurdle, the burden once again shifts to the plaintiff to show that the defendant's offered reason is merely pretextual. *Id.*

In order to show that she is a member of a protected group within the meaning of the ADA, Buchmeier is required to submit evidence to demonstrate that she is "an individual with a disability, who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 1211(8); *Amadio,* 238 F.3d at 924-25. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102 (2); *see also* 29 C.F.R. § 1630.2(g).

In this case, Buchmeier alleges that she falls within the "regarded as" prong of the ADA's definition of disability, claiming that the Village perceived her as having a disability with regard to her ability to hear. An individual may prove a "regarded as" claim by showing that either "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting

impairment substantially limits one or more major life activities." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 489 (1999). But if the condition that is the subject of the employer's belief is not substantially limiting, and the employer does not believe that it is, then there is no violation of the ADA under the "regarded as" prong of the statute. *See Sutton*, 527 U.S. at 489; *see also Mack v. Great Dane Trailers*, 308 F.3d 776, 782 (7th Cir. 2002).

Buchmeier relies on a single piece of evidence to support her claim that the Village regarded her as being substantially limited in the major life activity of hearing—the October 19, 1999 DARS where her supervisor, Matthey, suggests that Buchmeier submit to a hearing examination. Indeed, during her deposition, Buchmeier affirmed that no one at the Village, other than Matthey, perceived her as having any hearing problem, let alone perceived her to be *substantially limited* in the major life activity of hearing. But a request to submit to an examination, in and of itself, is not sufficient to demonstrate that the Village regarded her as substantially limited in the life activity of hearing. *See Ogburn v. United Food and Commercial Workers Union, Local No. 881*, 305 F.3d 763, 768 (7th Cir. 2002); *Wright v. Illinois Dep't of Corr.*, 204 F.2d 727, 732 (7th Cir. 2000). If the Village did believe Matthey was substantially limited in the life activity of hearing, it likely would not have allowed her to continue in the position of telecommunicator—a position that relies heavily on the ability to hear incoming information—after it first perceived her to be so limited. Yet the undisputed facts demonstrate that

even after Matthey indicated that Buchmeier should submit to a hearing examination, that it continued to employ her (until she was finally terminated) in the position of telecommunicator. Further, even if the Village believed that Buchmeier's hearing interfered with her performance of her job, Buchmeier is required to submit evidence sufficient to demonstrate that the Village believed her hearing substantially limited *her daily life*, not just her ability to perform her job. See *Mack*, 308 F.3d at 782. Accordingly, Buchmeier has not produced sufficient evidence to demonstrate that she is a protected individual within the meaning of the ADA.

But regardless of whether Buchmeier is a protected individual within the meaning of the ADA, she fails to submit any evidence (or devote even a single sentence in her brief) to demonstrate that she was meeting her employer's legitimate expectations or that similarly situated employees outside the protected group were treated more favorably. Buchmeier was not performing her job satisfactorily. Her employment file indicates six disciplinary reports in the thirteen months preceding her termination, five of which were related to her failure to dispatch calls in a timely and accurate fashion. This is not a case where an employer concocted an unfavorable review shortly before her termination, but one in which an employee's difficulty continued to mount. Indeed, although Buchmeier does not agree with all of the disciplinary reports, she admitted in her deposition that "some of the actions were justified." Indeed, she did not timely file

a single written grievance with regard to any of the first five disciplinary reports that were issued against her in the thirteen months preceding her termination. Similarly, Buchmeier submitted no evidence to show that similarly situated employees were treated more favorably. Buchmeier points to no other Village employee that inaccurately or untimely dispatched calls who did not receive reprimands (and after the fifth occurrence, discharge). Buchmeier has offered no evidence to show that she was meeting her employer's legitimate expectations or that similarly situated employees were treated more favorably and thus cannot establish a prima facie case of discrimination.

Having found that Buchmeier has failed to submit evidence to establish three of the four elements of her prima facie case, the Court need not engage in an inquiry as to whether the Village's proffered reason for discharging her was pretextual. Nonetheless, a sentence in the conclusion of Buchmeier's brief warrants brief comment. Buchmeier asserts, without any citation, that she need not show evidence of pretext because pretext is not relevant in an ADA case. Buchmeier is mistaken. As in any other type of employment discrimination case, a plaintiff may establish that she was discharged in violation of the ADA by direct or indirect means, and since Buchmeier has not produced any evidence of direct discrimination she must proceed under the burden-shifting framework of *McDonnell-Douglas*, of which pretext is a part. *Leffel v. Valley Fin. Serv.*, 113 F.3d 787, 792 (7th Cir. 997); *DeLuca*, 53 F.3d at 797. Instead Buchmeier has devoted

all of her energy to establishing that she is a member of a protected class, ignoring the other elements of a discrimination claim.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion for summary judgment is GRANTED and Plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 12/10/02

William J. Hibbler, Judge
United States District Court